UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
TOP BANANA, L.L.C., et al.,                          MEMORANDUM DECISION
                                                                        AND ORDER
                                Plaintiffs,                  04 CV 2666 (GBD)

        -against-

DOM'S WHOLESALE & RETAIL
CENTER, INC., et al.,

                                Defendants.
---------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

  This is action was commenced to enforce the trust provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c), against the statutory trustee, defendant Dom's Wholesale & Retail Center, Inc. ("Dom's), and its alleged responsibly connected individuals, defendants Alan J. Gargiulo, Sr., ("Gargiulo, Sr.") and Alan J. Gargiulo, Jr., (Gargiulo, Jr."), in favor of the PACA claimants.  Summary judgment against Dom's and Gargiulo, Sr., was granted on June 28, 2005.  Plaintiffs move for summary judgment against Gargiulo, Jr.  Despite being granted an extension of time to file opposition papers, Gargiulo, Jr., filed no response to the motion for summary judgment.  Although defendant Gargiulo, Jr., did not respond to the motion, an independent review of the record does not support a granting of summary judgment.  The motion is denied.

  Dom's was a fruit and vegetable wholesaler that purchased produce from plaintiffs. When Dom's went out of business, it had insufficient liquid assets to satisfy its PACA obligations.  Prior to Dom's demise, Dom's entered into a factoring agreement which rendered a significant amount of PACA trust funds unavailable to satisfy the PACA claims.

  Plaintiffs assert, in their Rule 56.1 Statement that "Defendant Alan J. Gargiulo, Jr., was

an officer of Dom's, a signatory on Dom's bank account(s), and was in position to control the PACA trust assets . . ." (Pls.' Rule 56.1 Statement ¶ 3).  Plaintiffs argue that since there is no genuine dispute that Gargiulo, Jr., "was an officer and director of Dom's . . . [and] was in a position to control the PACA trust assets," he is personally liable to plaintiffs for breaching his fiduciary duty to preserve the PACA assets.  (Pls.' Supp'g Mem. at 6).

Summary judgment, pursuant to Rule 56, is warranted where movants demonstrate that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Atl. Mut. Ins. Co., Inc. v. CSX Lines, L.L.C., 432 F.3d 428, 433 (2d Cir. 2005).  In determining an unopposed summary judgment motion, the Court may not simply rely upon the statement of undisputed fact contained in movants' Rule 56.1 Statement.  Rather, the Court must ensure that movants' factual assertions are properly supported by the record.  Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  "In assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought."  St. Pierre v. Dyer, 208 F.3d 394, 404 (2d Cir. 2000).  "Even unopposed motions for summary judgment must 'fail where the undisputed facts fail to show the moving party is entitled to judgment as a matter of law.'"  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (*quoting* Vt. Teddy Bear, 373 F.3d at 244).

The instant record fails to unequivocally support plaintiffs' assertion that Gargiulo, Jr., was an officer of Dom's who was in a position to control the PACA assets.  Plaintiffs claim that "Gargiulo, Jr., was a signatory to Dom's bank accounts, and admits being an officer of Dom's and to being in a position to exercise control over PACA trust assets."  (Pls.' Supp'g Mem. at 6).

Gargiulo, Jr., testified, at deposition, that he was Dom's operating manager, not that he was an officer of the company. He further testified that, as operating manager, he was responsible for "overs[eeing] in some capacity" "[t]rucking, routing, office management, order taking, sales people, [and] bookkeeping." (Gargiulo, Jr., Dep. at 8). In support of plaintiffs' summary judgment motion, they also rely on Dom's Corporate Banking Resolution, signed by Gargiulo, Jr., as "Pres," which provided Dom's "CEO" Gargiulo, Sr., Dom's Secretary, and Gargiulo, Jr., with authorization to sign checks, and withdraw or transfer funds on deposit. (Pls.' Rule 56.1 Statement, Ex. B). However, plaintiffs do not contend that Gargiulo, Jr., played any role, or took any action with respect to PACA transactions.

In support of their prior summary judgment motion, plaintiffs submitted Dom's PACA license noting that Gargiulo, Sr., is listed thereon. The license indicates that Gargiulo, Sr., is the sole owner, director and officer of Dom's, and that he serves as both Dom's President and Chief Executive Officer. Gargiulo, Sr., himself represented that he was the "President, sole director and shareholder" of Dom's. (Gargiulo, Sr., Decl. ¶ 1). Additionally, the factoring agreement was executed by Gargiulo, Sr., as Dom's President. Both Gargiulo, Sr., and Gargiulo, Jr., executed Performance Guarantees guaranteeing Dom's performance under the factoring agreement. The guaranty identifies Gargiulo, Sr., as Dom's President and sole shareholder. Gargiulo, Jr., is identified as the President and sole shareholder of American Tropical Fruit and Vegetable Corporation.

The motion for summary judgment against Dom's and Gargiulo, Sr., was referred to Magistrate Judge Andrew J. Peck, who recommended that the motion be granted. Magistrate Judge Peck found that "Gargiulo [Sr.,] is the President and C.E.O., sole shareholder and sole

director of Dom's, a signatory on Dom's bank accounts, and was in a position to control the PACA trust assets belonging to PACA Claimants." Top Banana, L.L.C. v. Dom's Wholesale & Retail Ctr., 2005 WL 1149774, at *1 (S.D.N.Y. May 16, 2005) (internal quotation marks omitted). The magistrate judge concluded that "Gargiulo [Sr.,] is liable . . . for Dom's PACA debt because he is Dom's sole shareholder, officer, and director." Id. at *8. Although Dom's and Gargiulo Sr., filed objections to the Report, no objections were filed by plaintiffs.[1] By Memorandum Decision and Order dated June 28, 2005, this Court adopted the Report and Recommendation and granted summary judgment against Dom's and Gargiulo, Sr. Top Banana, 2005 WL 1529736, at *5 (S.D.N.Y. June 28, 2005). The decision was affirmed by the Second Circuit Court of Appeals. Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701 (2d Cir. 2007).

"An individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." Coosemans, 485 F.3d at 705; see also, Weis-Buy Servs., Inc. v. Paglia, 411 F.3d 415, 421 (3rd Cir. 2005) (Holding officers and shareholders, under certain circumstances, liable under PACA.); Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc., 307 F.3d 666, 669 (7th Cir. 2002) (PACA permits recovery against controlling officers of corporation.); Golman-Hayden Co., Inc. v. Fresh Source Produce Inc., 217 F.3d 348, 351 (5th Cir. 2000) (Holding shareholders, officers, and directors, who are in a position to control trust assets, are subject to PACA liability); Hiller Cranberry Prods., Inc. v. Koplovsky, 165 F.3d 1, 8-9 (1st Cir. 1999) (PACA

---

[1] Magistrate Judge Peck's factual finding that Gargiulo, Sr., was Dom's sole officer and director, and the factual record upon which this motion is made, does not support plaintiffs' assertion that there is no genuine dispute that Gargiulo, Jr., was an officer and director of Dom's who, by virtue of his corporate position, had control over the PACA assets.

imposes liability on controlling person of corporation.); Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) (PACA liability extends to shareholders, officers, and directors who are in a position to control trust assets.); Dayoub Mktg., Inc. v. S.K. Produce Corp., 2005 WL 3006032, at *3 (S.D.N.Y. Nov. 9, 2005) (Sole shareholder and president of corporation held liable.); Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F.Supp. 346, 348 (S.D.N.Y. 1993) (Sole shareholder and officer, who controlled day-to-day operations of company, held liable.). "A court considering the liability of the individual may look at 'the closely-held nature of the corporation, the individual's active management role' and any evidence of the individual's acting for the corporation." Sunkist Growers, 104 F.3d at 283 (*quoting* Frio Ice, S.A. v. SunFruit, Inc., 724 F.Supp. 1373, 1382 (S.D.Fla. 1989), *rev'd on other grounds*, 918 F.2d 154 (11th Cir. 1990)).

There are material issues of fact as to whether Gargiulo, Jr.'s position was of such a nature that he actively exercised control over Dom's corporate affairs, and whether such a position enabled him to exercise control over the PACA trust assets. The existence of these triable factual issues precludes the granting of summary judgment.

Accordingly, plaintiffs' motion for summary judgment against defendant Alan J. Gargiulo, Jr., is denied.

Dated: New York, New York
      September 19, 2007

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

5